286    APPELLATE COURTS OF ILLINOIS.

Fell v. Chicago Building & Special Con. Co. et al., 187 Ill. App. 286.

## Abstract of the Decision.

ANIMALS, § 43*—*when evidence insufficient to sustain recovery for dog bite.* In an action to recover for injuries sustained by being bitten by a dog claimed to have been owned by defendant, a verdict for plaintiff, *held* not sustained by the evidence, where the defendant testified that no one ever complained to him that the dog was cross, and plaintiff's witness testified that a year before plaintiff was bitten she saw the dog bite a boy but that she never told anybody except the attorney for plaintiff and her mother, and on cross-examination admitted she could not swear it was defendant's dog.

## A. D. Fell, Administrator, Plaintiff in Error, v. Chicago Building & Special Construction Company and Oscar S. Eiger, Defendants in Error.

### Gen. No. 19,665.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed June 9, 1914.

### Statement of the Case.

Action by A. D. Fell, administrator of the estate of Mathias O. Fell, deceased, against Chicago Building & Special Construction Company and Oscar S. Eiger to recover for the death of deceased alleged to have been occasioned by the negligence of the defendants.

A similar suit was also brought by the same plaintiff as administrator of the estate of Josephine M. Fell against the same defendants. (See *Fell v. Chicago Building & Special Construction Co.,* p. 288, *post.*) The cases were tried together in the Circuit Court. In each of the cases there was a verdict for plaintiff— as administrator of the estate of Josephine M. Fell in the sum of $7,500, and as administrator of the estate of Mathias O. Fell in the sum of $8,500 against the de-

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

Fell v. Chicago Building & Special Con. Co. et al., 187 Ill. App. 286.

fendant Building Company, upon each of which verdicts a judgment was rendered. There was also a verdict in each case by direction of the court in favor of defendant Eiger. From judgments for costs in the two cases in favor of Eiger, writs of error are prosecuted.

The death of the two children was caused by the falling of a terra cotta cornice on a building being constructed for the defendant Eiger by the defendant Building Company. That the accident was due to faulty construction was abundantly proved. The principal question presented by the writs of error is whether the trial judge correctly *held* that the Building Company was an independent contractor.

BITHER, GOFF & FRANCIS, for plaintiff in error.

ADLER & LEDERER, for defendants in error.

MR. JUSTICE CLARK delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 856*—*rule as to determining whether builder is independent contractor*. The question whether a building company is an independent contractor is to be determined by the court on its construction of the contract between the building company and the owner.

2. MASTER AND SERVANT, § 856*—*when building company is independent contractor*. A building company, *held* to be an independent contractor where the contract provided that the company should provide all materials and perform all the work mentioned in the specifications and shown on the drawings prepared by an architect for the work complete on a two-story and basement building, the contract naming the architect as "superintendent of the work for the completion of the building," and enumerating his duties with the usual provisions relationg thereto.

3. MASTER AND SERVANT, § 866*—*admissibility of evidence*. In an action against a building contractor and the owner to recover for the death of a child caused by the falling of a terra cotta cornice, where plaintiff did not attempt to prove on the main case that there

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

was any fault in the plans or specifications but relied wholly upon the doctrine or *res ipsa loquitur*, refusal to permit plaintiff to show on rebuttal, for the purpose of proving the owner's liability that an employe or superintendent under the architect approved the plans adopted, *held* not error where no attempt was made to show that the change in plans was not made upon the written order of the architect as required by the contract, and the evidence did not tend to rebut anything brought out in defendants case.

---

## A. D. Fell, Administrator, Plaintiff in Error, v. Chicago Building & Special Construction Company and Oscar S. Eiger, Defendants in Error.

### Gen. No. 19,664.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1913.   Affirmed.   Opinion filed June 9, 1914.

### Statement of the Case.

The facts in this case have been considered in the opinion filed in *Fell v. Chicago Building & Special Construction Co.,* p. 286, *ante,* both cases having arisen out of the same accident.   The decision in that case *held* controlling.

BITHER, GOFF & FRANCIS, for plaintiff in error.

ADLER & LEDERER, for defendants in error.

MR. JUSTICE CLARK delivered the opinion of the court.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.